U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
1022 C M.
Ap23 2016
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR115-77 |
| | ) | |
| v. | ) | |
| | ) | |
| DEON JOHNSON | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on August 4, 2015, a federal grand jury sitting in the Southern District of Georgia returned a thirty-three-count Indictment against Defendant Deon Johnson and fifteen others, charging violations of 21 U.S.C. § 846 (Count One – Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances); 21 U.S.C. § 841(a)(1) (Counts Two through Three – Distribution of Controlled Substances); 21 U.S.C. § 841(a)(1) (Counts Four through Nine – Possession with Intent to Distribute Controlled Substances); 21 U.S.C. § 843(b) (Counts Ten through Thirty One – Use of a Communication Facility in Commission of a Felony); and 18 U.S.C. § 922(g)(1) (Counts Thirty-Two through Thirty-Three – Possession of a Firearm by a Convicted Felon);

WHEREAS, the Indictment sought forfeiture pursuant 21 U.S.C. § 853 of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses and any property used or intended to be used to commit and facilitate the commission of the offenses charged in Counts One through Thirty-One of the Indictment, including but not limited to the following property:

1. $68,357.20 in U.S. Currency, which constitutes the proceeds of the sale of certain real property located at 48 Poplar Street, Wadley, Jefferson County, Georgia 30477;

2. $52,218.00 in U.S. Currency seized from 48 Poplar Street, Wadley, Georgia;

3. 1996 Chevrolet Impala SS, VIN 1G1BL52PXTR193127;

4. 2007 Suzuki GSX1300RZ Motorcycle, VIN JS1GW71A972103956;

5. $8,000.00 in U.S. Currency seized from 111 Cedar Street, Wadley, Georgia;

6. 2003 Ford F250 Super Duty, VIN 1FTNW20F73EA20791;

7. 2007 Haulmark RT85X30WT3 Race Trailer, VIN 16HGB30287G089630;

8. $2,500.00 in U.S. Currency seized from 1446 Goins Road, Wrightsville, Georgia;

9. $19,043.00 in U.S. Currency seized from 1446 Goins Road, Wrightsville, Georgia;

10. 2012 Audi A7 Quattro, VIN WAUYGAFC8CN121174;

11. $18,200.00 in U.S. Currency seized from 10230 Old Savannah Road, Tennille, Georgia;

12. 1996 Chevrolet Impala, VIN 1G1BL52P7TR164362;

13. $3,714.00 in U.S. Currency seized from 429 Utley Road, Waynesboro, Georgia;

14. $1,809.00 in U.S. Currency seized from 1063 Robinson Road, Wadley, Georgia;

15. 2007 Chevrolet Tahoe, VIN 1GNFC13J57J147339;

16. 2008 Chevrolet Tahoe, VIN 1GNFC13058R223281;

17. 2005 Chevrolet Suburban, VIN 1GNEC16Z75J143948; and

18. 2004 Chevy Silverado pickup truck, VIN 1GCHK23U74F158331;

WHEREAS, the Indictment also sought forfeiture pursuant to 18 U.S.C § 924(d) and 28 U.S.C § 2461(c) of any firearms and ammunition involved in the commission of the offense charged in Count Thirty-Three, namely a Smith & Wesson 9mm pistol bearing serial number PDW0449;

WHEREAS, the Indictment further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p), of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, on February 17, 2016, pursuant to written plea agreement, Defendant pled guilty to the lesser included offense of Count One of the Indictment charging a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in any proceeds from and property used or intended to be used to facilitate the commission of the offense to which he has pled guilty, including but not limited to the following property:

1. $8,000.00 in U.S. Currency seized from 111 Cedar Street, Wadley, Georgia;

2. 2003 Ford F250 Super Duty, VIN 1FTNW20F73EA20791; and

3. 2007 Haulmark RT85X30WT3 Race Trailer, VIN 16HGB30287G089630

(collectively, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 21 U.S.C. § 853 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Patricia Green Rhodes, United States Attorney's Office for the Southern District of Georgia, P.O. Box 2017, Augusta, Georgia 30903.

Date: 6/23/2016

_____
J. RANDAL HALL, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Patricia Green Rhodes
Assistant United States Attorney
Georgia Bar Number 307288
P.O. Box 2017
Augusta, Georgia 30903
(706) 724-0517

Date: _____

_____
Deon Johnson
Defendant

Date: 6·23·16

_____
Peter Johnson, Esq.
Attorney for Defendant

Date: 6·23·16